THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  UNITED STATES OF AMERICA,                    CASE NO. CR15-0202-JCC

10                            Plaintiff,         ORDER

11        v.

12  EFRAN VILLALOBOS-GONZALEZ,

13                            Defendant.

14

15        This matter comes before the Court on Defendant's motion for compassionate release

16  pursuant to 18 U.S.C. § 3582(C)(1) (Dkt. No. 357).[1] Having thoroughly considered the parties'

17  briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS

18  the motion for the reasons explained herein.

19  **I.    BACKGROUND**

20        On February 23, 2016, Defendant pleaded guilty to conspiracy to distribute controlled

21  substances in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), 846. (*See* Dkt. Nos. 169–71.) On

22  May 24, 2016, the Court sentenced Defendant to 60 months of incarceration followed by three

23
24
25
26

---

[1] On June 29, 2020, Defendant filed a *pro se* motion for compassionate release. (Dkt. No. 350.) Counsel was subsequently appointed to Defendant, (Dkt. No. 351), and the parties stipulated to a briefing schedule under which Defendant would file an amended or substitute motion on or before July 17, 2020. (Dkt. Nos. 353 at 2, 354 at 1.) Defendant accordingly filed the instant motion for compassionate release. (*See* Dkt. No. 357 at 1.) The Court's order disposes of both Defendant's *pro se* motion and his counseled motion.

years of supervised release. (Dkt. Nos. 241–42.) Defendant's scheduled release date is

September 25, 2020. (*See* Dkt. Nos. 357 at 3, 359 at 2.)

Defendant now moves to reduce his custodial sentence to time served with the remainder

of his sentence converted to home confinement, placement at a residential reentry center

("RRC"), or a combination of the two, pursuant to the compassionate release provisions of 18

U.S.C. § 3582(c)(1). (*See* Dkt. No. 357 at 1.)[2] Defendant argues that he suffers from numerous

ailments, including decompensating liver cirrhosis, that put him at increased risk of serious

complications from COVID-19. (Dkt. Nos. 357 at 1, 3–5; *see generally* Dkt. No. 358.)[3]

## II.    DISCUSSION

### A.    Legal Standard

Before a defendant files a motion to reduce his sentence, a defendant must first ask the

warden of the defendant's facility to file a motion on the defendant's behalf. 18 U.S.C.

§ 3582(c)(1)(A). If the warden denies the defendant's request or the warden takes longer than 30

days to respond, then the defendant may file his own motion to reduce his sentence. *Id.*

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment if

"extraordinary and compelling reasons warrant such a reduction" and "such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission." The

Sentencing Commission's relevant policy statement, in turn, says that a court may reduce a term

of imprisonment if "the defendant is not a danger to the safety of any other person or to the

---

[2] The Government and U.S. Probation note that Defendant "is a non-citizen subject to a valid immigration detainer, which precludes his release directly into the community or to a residential reentry center." (Dkt. No. 359 at 2.) Defendant notes that several courts have found that a defendant who is subject to a valid immigration detainer may still be granted compassionate release. (*See* Dkt. No. 360 at 2–4) (collecting cases). Accordingly, the Court addresses Defendant's request for compassionate release without regard to the possibility that he will be detained by U.S. Immigration and Customs Enforcement upon release.

[3] Defendant notes that "FMC–Fort Worth experienced the largest outbreak in all of BOP in spite of [its] precautions, and is currently experiencing an uptick in such cases after weathering that outbreak." (Dkt. No. 357 at 4.)

community" and "extraordinary and compelling reasons warrant such a reduction." United States

Sentencing Guidelines ("U.S.S.G.") § 1B1.13. The policy statement also directs a court to

consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is

appropriate. U.S.S.G. § 1B1.13 cmt. n.4. Taken together, the policy statement and 18 U.S.C.

§ 3582(c)(1)(A) create a three-step process for ruling on a motion for compassionate release: the

court must first decide whether "extraordinary and compelling reasons warrant . . . a reduction

[in the defendant's sentence]," then determine whether "the defendant is . . . a danger to the

safety of any other person or to the community," and finally assess whether a reduction in the

defendant's sentence is consistent with the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C.

§ 3582(c)(1)(A); U.S.S.G. § 1B1.13.

### B.      Exhaustion

Defendant previously filed a request for compassionate release with the warden of the

Federal Medical Center–Fort Worth, which was denied on May 26, 2020. (*See* Dkt. Nos. 357 at

3, 357-1 at 2–3.) The parties agree that Defendant has therefore satisfied the exhaustion

requirement of the First Step Act. *See* 18 U.S.C. § 3582(c)(1)(A); (Dkt. Nos. 357 at 2, 359 at 8).

### C.      Extraordinary and Compelling Reasons for Release

A court may reduce a defendant's sentence if it finds that extraordinary and compelling

reasons exist, such as the defendant "suffering from a serious physical or medical

condition . . . that substantially diminishes the ability of the defendant to provide self-care within

the environment of a correctional facility and from which he or she is not expected to recover."

U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I); *see* 18 U.S.C. § 3582(c)(1)(A).[4]

Here, Defendant suffers from several health ailments, including decompensating liver

---

[4] While Defendant cites the "catch-all" provision of U.S.S.G. § 1B1.13, (*see* Dkt. No. 357 at 6 – 7) (citing U.S.S.G. § 1B1.13, cmt. n.1.D.), Defendant's request falls within the medical condition provision of U.S.S.G. § 1B1.13 because his motion cites his medical conditions that render him particularly vulnerable to serious complications from COVID-19, *see* U.S.S.G. § 1B1.13, cmt. n.1.A.ii.

cirrhosis, thrombocytopenia, anemia, and cardiac murmur, and has a history of hepatitis and diabetes. (*See* Dkt. Nos. 357 at 3–5, 359 at 4; *see generally* Dkt. No. 358.) The parties agree that Defendant's health issues put him at heightened risk of severe complications if he were to contract COVID-19 and that therefore extraordinary and compelling reasons exist in this case. (*See* Dkt. Nos. 357 at 6–8, 359 at 9.) The Court accordingly finds that Defendant has identified extraordinary and compelling circumstances that justify a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Cosgrove*, Case No. C15-0230-RSM, Dkt. No. 95 at 11 (W.D. Wash. Apr. 15, 2020) (concluding inmate faced extraordinary and compelling circumstances because he was uniquely susceptible to COVID-19 and he was housed in a facility where the virus was spreading).

### D.    Danger to the Safety of Any Other Person or to the Community

In determining whether a defendant presents a danger to the safety of any other person or to the community, the court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. *See* U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3142(g).

Here, Defendant argues that "[h]is only prior criminal record was for DUIs, he spent a year on appearance bond without incident while his case was pending, he has not disciplinary history while he has been incarcerated, and his . . . underlying [criminal conduct] was largely the product of the influence of a cousin who remains incarcerated." (Dkt. No. 357 at 9.) Defendant also argues that if he is released to the community he will benefit from family support in Snohomish County and that if he is placed in an RRC he will be under constant supervision by U.S. Probation. (*Id.*) The Government "concurs that the defendant poses a very modest danger to others or the community," emphasizing that Defendant's noncompliance with his appearance bond "entailed failures to submit to alcohol and drug testing" and that Defendant "largely acted at the direction of others" in his underlying criminal conduct. On this record, the Court finds that

Defendant would not pose a danger to the safety of the community if released. *See* U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3142(g).

### E.   18 U.S.C. § 3553(a) Factors

In determining whether to grant a defendant compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court must also consider any relevant factors set forth in 18 U.S.C. § 3553(a). *See* U.S.S.G. § 1B1.13. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, avoidance of sentencing disparities, and the need to provide victims with restitution. *See* 18 U.S.C. § 3553(a).

Defendant's underlying criminal conduct was serious, as he was involved in a large-scale drug trafficking operation that was responsible for distributing substantial quantities of illicit substances. (*See* Dkt. No. 359 at 2–3.) But, as recognized by the Government, Defendant "largely acted at the direction of others." (*Id.* at 11.) Moreover, Defendant is scheduled to be released from confinement in September 2020. (*See* Dkt. Nos. 357 at 3; 359 at 1, 11.) Thus, Defendant has served a substantial portion of his sentence and is seeking a minimal reduction. Therefore, the Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of granting Defendant's request for compassionate release. *See* U.S.S.G. § 1B1.13.

### F.   Additional Term of Supervised Release

While 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's term of imprisonment, the statute allows a court to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." The Court finds that an additional term of supervised release would adequately balance the seriousness of Defendant's offense and the need for his original sentence with the extraordinary and compelling reasons that warrant his release. Therefore, the Court IMPOSES an additional term of supervised release commensurate with the balance of Defendant's remaining term of imprisonment as of the date this order is issued. During this term of supervised release,

Defendant shall reside in and satisfactorily participate in an RRC program as a condition of supervised release until discharged by the Program Manager or Defendant's U.S. Probation officer. Defendant may be responsible for a 25% gross income subsistence fee. This additional term of supervised release shall be followed by the previously imposed three years of supervised release.

### G.      Motion to Seal

In support of his motion for compassionate release, Defendant filed his medical records under seal "in accordance with LCrR 55." (*See* Dkt. No. 358.) But that Local Criminal Rule does not state that medical records shall be filed under seal. *See* W.D. Wash. Local Crim. R. 55(b). Moreover, even if a record qualifies for protection under Local Criminal Rule 55(b), "a motion or stipulated motion to seal must be made or filed before or at the same time the party files the sealed materials." W.D. Wash. Local Crim. R. 55(c). Therefore, Defendant is ORDERED to file an appropriate motion to seal setting forth the legal basis for maintaining the exhibit under seal within 14 days of the date this order is issued. Failure to do so will result in the unsealing of the exhibit.

## III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for compassionate release (Dkt. No. 357). The Court hereby REDUCES Defendant's term of imprisonment to time served. The Court also IMPOSES an additional term of supervised release commensurate with the balance of Defendant's remaining term of imprisonment as of the date this order is issued, subject to the terms set forth in this order, to be followed by the previously imposed period of three years of supervised release. The Court accordingly ORDERS that Defendant be released to an appropriate RRC program in the Western District of Washington within 24 hours.

//

//

//

DATED this 7th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE